IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL SULLIVAN,

    Plaintiff,

v.                                         CASE NO.: 3:13-CV-397

NORTHROP GRUMMAN CORPORATION, NORTHROP
GRUMMAN SYSTEMS CORPORATION, NORTHROP GRUMMAN
SHIPBUILDING, INC., HUNTINGTON INGALLS INCORPORATED and HUNTINGTON
INGALLS INDUSTRIES, INC.,

    Defendants.

_____/

## AMENDED COMPLAINT

Plaintiff, MICHAEL SULLIVAN, hereby sues the Defendants, NORTHROP GRUMMAN CORPORATION, NORTHROP GRUMMAN SYSTEMS CORPORATION, NORTHROP GRUMMAN SHIPBUILDING, INC., HUNTINGTON INGALLS INCORPORATED and HUNTINGTON INGALLS INDUSTRIES, INC. and alleges:

## COMMON ALLEGATIONS

1.    This is an action for damages which exceed the jurisdictional limits of this Court and the statutory requirements of 28 U.S.C. Section 1332.

2.    At all times material hereto, Plaintiff, MICHAEL SULLIVAN, was a resident of Pensacola, Florida.

3.    At all times material hereto, Defendant NORTHROP GRUMMAN CORPORATION, was a corporation of the State of Delaware.

4. At all times material hereto, Defendant NORTHROP GRUMMAN SYSTEMS CORPORATION was a corporation of the State of Delaware.

5. At all times material hereto, Defendant NORTHROP GRUMMAN SHIPBUILDING, INC., was a corporation of the State of Virginia.

6. At all times material hereto, Defendant HUNTINGTON INGALLS INCORPORATED, was a corporation of the State of Virginia.

7. At all times material hereto, Defendant HUNTINGTON INGALLS INDUSTRIES, INC., was a corporation of the State of Delaware.

8. At all times material hereto, all of the above stated Defendants (NORTHROP GRUMMAN CORPORATION, NORTHROP GRUMMAN SYSTEMS CORPORATION, NORTHROP GRUMMAN SHIPBUILDING, INC., HUNTINGTON INGALLS INCORPORATED and HUNTINGTON INGALLS INDUSTRIES, INC., hereinafter collectively referred to as "DEFENDANTS") were corporations authorized to transact business within the State of Mississippi.

9. Due to the fact that the PLAINTIFF and DEFENDANTS are or were living, registered corporations of or conducting business within multiple states, there exists diversity of citizenship between the respective parties.

10. On or about July 9, 2010, DEFENDANTS were in the business of building and/or constructing ships and/or water crafts.

11. On or about July 9, 2010, DEFENDANTS owned, maintained and/or operated a shipyard and/or premises in Pascagoula, Mississippi, which was a premises where ships or water crafts were constructed or built.

12. On or about July 9, 2010, PLAINTIFF was employed by Tradesman International as a welder.

13. On or about July 9, 2010, PLAINTIFF'S employer was conducting business on the above referenced premises of DEFENDANTS.

14. On or about July 9, 2010, PLAINTIFF was an independent contractor on the premises of the DEFENDANTS, working in the course and scope of his employment with Tradesman International.

15. On or about July 9, 2010, PLAINTIFF was an invitee on the above referenced premises of the DEFENDANTS.

16. On or about July 9, 2010, employees and/or agents of the DEFENDANTS were present on the premises of the DEFENDANTS, performing work within the course and scope of their employment with DEFENDANTS.

## **NEGLIGENCE**

17. PLAINTIFF re-adopts and re-alleges the allegations above the same if fully set out herein.

18. On or about July 9, 2010, DEFENDANTS owed a legal duty to PLAINTIFF to protect him from unreasonable risks of harm, which said DEFENDANTS knew about, or through the exercise of reasonable caution or care, should have known about.

19. On or about July 9, 2010, DEFENDANTS owed a duty to protect PLAINTIFF against reasonably foreseeable dangers which a prudent person or corporation would anticipate are likely to result from their acts or omissions and/or the acts or omissions of their agents and/or employees.

20. On or about July 9, 2010, PLAINTIFF, MICHAEL SULLIVAN was working at the aforesaid premises when a steel plate fell onto him from above him.

21. At that time and place, DEFENDANTS' employees and/or agents dropped the steel plate, allowed the steel plate to remain in a place above workers unsecured,

and/or failed to properly secure the plate to prevent it from falling.

22. At that time and place, the aforesaid employees and/or agents of DEFENDANTS were acting within the course and scope of their employment with DEFENDANTS.

23. At that time and place, DEFENDANTS, through the actions or inactions of their employees and/or agents, negligently allowed the aforesaid steel plate to fall upon PLAINTIFF, MICHAEL SULLIVAN.

24. At that time and place, DEFENDANTS, through the actions or inactions of their employees and/or agents, allowed or caused a dangerous condition to exist or occur which they knew, caused, or should have known was likely to cause personal injury to people, including PLAINTIFF, MICHAEL SULLIVAN.

25. At that time and place, DEFENDANTS, through the actions or inactions of their employees and/or agents, were negligent in the operation of their businesses.

26. DEFENDANTS also failed to make or perform reasonable inspections of their premises, allowing a steel plate to remain unsecured while people, including PLAINTIFF, MICHAEL SULLIVAN, were working beneath said steel plate.

27. At that time and place, DEFENDANTS owed PLAINTIFF, MICHAEL SULLIVAN, a duty to warn him of or make safe any and all potential dangerous conditions which existed on the aforesaid premises which DEFENDANTS knew, or should have know, existed at the time of the subject accident referenced above.

28. DEFENDANTS breached the aforesaid duty by failing to warn PLAINTIFF, MICHAEL SULLIVAN, of the aforesaid dangerous condition, and by failing to remedy the same or make it safe.

29. As a direct and proximate result of the negligence of DEFENDANTS

referenced above, PLAINTIFF, MICHAEL SULLIVAN, suffered bodily injury and resulting pain and suffering, disfigurement, mental anguish, loss of the capacity for enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and may have aggravated a previously exiting condition. These losses are either permanent or continuing, and PLAINTIFF, MICHAEL SULLIVAN, will suffer said losses in the future.

WHEREFORE, PLAINTIFF, MICHAEL SULLIVAN, demands judgement for damages against the DEFENDANTS, NORTHROP GRUMMAN CORPORATION, NORTHROP GRUMMAN SYSTEMS CORPORATION, NORTHRUP GRUMMAN SHIPBUILDING, INC., HUNTINGTON INGALLS INCORPORATED and HUNTINGTON INGALLS INDUSTRIES, INC., including any costs so allowed by law, a trial by jury on all issues so triable, and any and all other relief this Court deems reasonable and just.

/ Michael S. Burtt /
MICHAEL S. BURTT
Florida Bar No: 0086983
Burtt & Vlachos, PA
656 West Garden Street
Pensacola, FL 32502
Tele: (850)469-1313
Fax: (850)469-1667
Primary email: michael@bvinjurylaw.com
Secondary email: wendy@bvinjurylaw.com
Attorney for Plaintiff